[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14234
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00169-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FERNANDO GARCIA-CERVANTES,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 4, 2011)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Fernando Garcia-Cervantes appeals the 60-month, above-Guidelines

sentence he received after he pleaded guilty to being found in the United States

following deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2).[1]  He raises two arguments to challenge the reasonableness of his sentence.  As neither is persuasive, we affirm the decision of the district court.

## I.

We review the reasonableness of a sentence imposed by the district court under the abuse-of-discretion standard.[2]  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586 (2007).  That standard allows for a range of acceptable sentences. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  As long as the sentence does not demonstrate a clear error in judgment, it will be affirmed. *Id*.

When evaluating the reasonableness of a sentence, we engage in a two-step process.  First, we verify that the district court imposed a sentence free from any procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any

---

[1]  The applicable Guidelines range was 33–41 months.

[2]  The Government argues for plain-error review.  However, because we conclude that Garcia-Cervantes does not succeed under an abuse-of-discretion standard, we need not resolve that issue.

deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

If the sentence is procedurally reasonable, we next evaluate its substantive reasonableness. *Id*. The district court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in 18 U.S.C. § 3552(a)(2). *Id*. at 50 n.6. In determining the appropriate sentence, it must consider the totality of the circumstances and the § 3553(a) factors, including, *inter alia*, the nature and circumstances of the offense, the characteristics of the defendant, the applicable Guidelines range, and the need to avoid unwarranted sentencing disparities. *Id*. at 51. A successful sentencing disparity claim requires the defendant to prove that he received a more severe sentence than similarly situated individuals. *See United States v. Spoerke*, 568 F.3d 1236, 1252 (11th Cir. 2009). A defendant seeking relief based on a sentencing disparity cannot present bare statistical evidence, without context, as that would not sufficiently establish that he is in a comparable factual circumstance to the individuals considered in compiling the data. *See United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir. 2007).

The district court's explanation for a variance from the Guidelines range "must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *United States v. Shaw*, 560 F.3d

1230, 1238 (11th Cir. 2009) (internal quotation marks omitted). Facts already considered in the Guidelines calculation may properly justify a variance if they "fit[] squarely into one of the § 3553(a) factors." *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008) (per curiam).

## II.

Garcia-Cervantes's first argument challenges the reasonableness of district courts in the Eleventh Circuit as an institution.[3] He crafts his claim around statistical evidence released by the United States Sentencing Commission. He argues that his sentence is substantively unreasonable because district courts in the Eleventh Circuit impose above-Guidelines sentences in a higher percentage of criminal cases involving immigration issues than district courts nationally. Specifically, above-Guidelines sentences are imposed in 1.66% of criminal immigration cases nationally, but they are imposed in 2.5% of those cases in the Eleventh Circuit. Moreover, in the Fifth and Ninth Circuits, which handle far more immigration cases, above-Guidelines sentences are imposed in 1.77% and 0.88% of cases, respectively. Accordingly, Garcia-Cervantes contends that district courts in the Eleventh Circuit have created an unwarranted sentencing disparity.

---

[3] It is unclear whether this is a stand-alone argument or is simply intended to put this Court on notice that we should carefully scrutinize sentences in criminal immigration cases. We view the argument through both lenses.

Garcia-Cervantes's argument fails to create the requisite nexus between the cases that form the basis for the statistics and his own. While he refers to the broad categories described in the Sentencing Commission's report, he fails to describe the specific factual context involved in any of the cases. Therefore, no meaningful comparison can be drawn on the basis of the statistics offered. The district court pointed to facts specific to Garcia-Cervantes in reaching its conclusion, and the statistics offered do not render its determination unreasonable.

## III.

Garcia-Cervantes next raises more traditional challenges to his sentence. He first argues that his sentence is procedurally unreasonable because the district court failed to supply adequate justification for its decision to impose a 60-month sentence. Specifically, he challenges the district court's reliance on his previous criminal transgressions to justify an upward variance because those crimes were used in the calculation of his Guidelines range. Furthermore, he contends that the district court imposed a sentence that was substantively unreasonable as it was longer than necessary to promote the sentencing goals articulated by Congress.

The district court's determination was neither procedurally nor substantively unreasonable. The district court properly calculated the Guidelines range, based the sentence on undisputed facts, and considered the § 3553(a)

5

factors. While the sentence imposed did exceed the Guidelines range, the district court provided a meaningful explanation for the variance. It took into account a number of factors unique to Garcia-Cervantes, such as his immediate re-entry after his initial deportation and the close temporal proximity of his offenses. Although these crimes were part of the Guidelines calculation, the district court appropriately considered them as part of the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). In exercising its discretion, the district court ultimately determined that a 60-month sentence was necessary to "reflect the seriousness of the offense and deter[] future criminal conduct, especially [Garcia-Cervantes's] future criminal conduct, and protect[] the public, and [] promote respect for the law." That conclusion does not constitute an abuse of discretion.

IV.

For the foregoing reasons, we affirm Garcia-Cervantes's sentence.

**AFFIRMED.**